IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
KENDARRIUS DANIELS,              :
                                 :
     Plaintiff,                  :
                                 :
vs.                              :   CIVIL ACTION NO. 16-00565-WS-B
                                 :
JEFFERSON S. DUNN, et. al.,      :
                                 :
     Defendants.                 :
```

**REPORT AND RECOMMENDATION**

This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(2)(R), and is now before the Court due to the failure to effect service of process on Defendant Joshua Day. (Docs. 34, 35). Upon careful consideration, and for the reasons stated herein, it is **recommended** that Plaintiff's claims against Defendant Joshua Day be **dismissed without prejudice** for failure to effect timely service.

**I. Background**

Plaintiff Kendarrius Daniels filed the instant action alleging that on October 30, 2016, while being housed on death row at Holman Correctional Facility, he was stabbed in his outstretched arm several times by an inmate who was walking down the hall. (Doc. 1 at 4). Daniels alleges that he screamed for officers to help him, but no one came to his aid, so he started a fire to gain the attention of correctional officers. (Id. at 4-5). According to Daniels,

Defendants Lt. Bullock,[1] "Sergeant Dayum," and T. Roberts came to his cell, contained the fire, and took him to the medical unit to be examined and treated. (Id.). Daniels filed the instant action alleging that Defendants were deliberately indifferent and failed to protect him from said attack. (Id.).

Daniels requested and was granted permission to proceed without prepayment of fees. (Docs. 2, 3). Accordingly, pursuant to the Court's Standing Order dated February 1, 1994, the Court directed the Clerk to serve Defendants with waiver of service of process documents. (Doc. 8). The waiver of service of process documents were sent to Defendants at Holman Correctional Facility, 3700 Holman, Atmore, Alabama 36503-3700, on June 30, 2017. (Docs. 8, 9). On August 23, 2017, the Alabama Attorney General's office notified the Court that it was unable to locate an employee at the Holman facility named "Sergeant Dayum", which is the name Daniels listed in his complaint. (Doc. 18). On September 5, 2017, Plaintiff filed a "Motion to Perfect Service", wherein he identified "Sergeant Dayum" as "Sergeant Day." (Doc. 21). Accordingly, the Court directed Defendants to provide the Court with the correct name of "Sergeant Dayum" and to provide the Court, under seal, with the individual's current address. (Doc. 22). On September 13, 2017, Defendants identified "Sergeant Dayum" as Defendant Joshua Day and provided the

---

[1] The true name of "Lt. Bullock" (see doc. 1 at 4) is Regina Bolar. (Doc. 24).

Court with his address. (Doc. 24). Subsequent thereto, the Court, on November 7, 2017, directed the clerk to send the waiver of service of process documents to Defendant Day, at the address provided by Defendants. (Docs. 25, 26). The Request for Waiver of Service of Summons informed Defendant Day that he had thirty (30) days, or until December 7, 2017, in which to return a signed copy of the waiver. (Doc. 26). On December 6, 2017, Defendant Day's Waiver of Service was returned, unexecuted, to this Court. (Doc. 28).

The Court next directed the United States Marshal's Office to effect service of process on the person of Defendant Day at the address provided by Defendants. (Doc. 32). Because Defendant Day would be responsible for the expenses associated with personal service by the Marshal absent a showing of good cause, the Court also directed the Clerk of Court to send Day a copy of the service documents in order to afford him an opportunity to take the necessary steps to avoid the costs associated with service by the Marshal. (Id.). Further, on June 6, 2018, the United States Marshal returned Defendant Day's service documents unexecuted. (Doc. 34). The returned documents included a notation that the agents had unsuccessfully attempted to effect service on Defendant Day three times at the address provided by the Alabama Attorney General's office. (Id.). On June 25, 2018, Defendant Day's copy of the service documents, which were sent to him pursuant to the Court's order

3

dated May 21, 2018, were returned to the Court by the United States Postal Service, affixed with a stamp denoting that the mail was unclaimed. (Doc. 35).

**II. Discussion**

Courts assist inmate plaintiffs in effecting service under Rule 4 of the Federal Rules of Civil Procedure because they are confined and typically indigent. See, e.g., Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) ("*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part."). However, the Court ordinarily does not have an obligation to assist an inmate in effecting service beyond "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff." Simmons v. Prison Health Servs., Inc., 2009 WL 2914103 at *1, 2009 U.S. Dist. LEXIS 82666 at *5 (S.D. Ga. Sept. 10, 2009). Where an incarcerated plaintiff attempts to obtain a defendant's address for service but is unable to do so, courts can provide additional assistance. See Hampton v. Peeples, 2016 WL 845332 at *2, 2016 U.S. Dist. LEXIS 26578 at *5 (S.D. Ga. Mar. 2, 2016) (ordering the United States Marshal to make reasonable efforts to locate a defendant and personally serve him).

Rule 4(m) of the Federal Rules of Civil Procedure authorizes a

court to dismiss an action, after notice to the plaintiff, when "a defendant is not served within 90 days after the complaint." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." Id. Generally, "the failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1288 (11th Cir. 2009). The Eleventh Circuit has held that "as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010).

Here, the record establishes that the Court has taken steps to obtain Defendant Day's last known address and to have him served, but to no avail. To date, the Court has made the following attempts to effect service of process on Defendant Day: (1) issuing waiver of service of process documents to all defendants at Holman Correctional facility on June 29, 2017; (2) directing the Alabama Attorney General's office to provide the current address for Defendant Day; (3) directing the Clerk to send waiver of service of

process documents to Defendant Day at the address provided by the Alabama Attorney General's office; (4) directing the United States Marshal to effect service on Defendant Day; and (5) directing the Clerk to mail the service documents to Defendant Day, at the address provided by the Alabama Attorney General's office.

Despite the Court's exhaustion of reasonable efforts to serve Defendant Day with the summons and complaint between June 2017 and May 2018, service on Defendant Day remains unexecuted. Accordingly, it is appropriate for the Court to recommend the dismissal of Plaintiff's claims against Defendant Day so that the case can proceed against the remaining Defendants.[2] See Davis v. Young, 2013 WL 4779220 at *4, 2013 U.S. Dist. LEXIS 126571 (M.D. Ga. Sept. 5, 2013) (dismissing a prisoner-plaintiff's claims against a former correctional officer defendant because the court, despite reasonable efforts, was unable to locate and effect service of process on the defendant); Williams v. Hodges, 2010 WL 518776 at *5, 2010 U.S. Dist. LEXIS 7846 at *15-16 (S.D. Tex. Jan. 31, 2010) (dismissing a prisoner-plaintiff's claims against a correctional officer because

---

[2] Rule 4 requires the Court to provide Plaintiff with notice prior to dismissing his claims. Fed. R. Civ. P. 4(m). The instant Report and Recommendation serves as a fulfillment of that requirement. See Carr v. Mid-Atl. Fin. Servs., Inc., 2010 WL 3368260 at *2, 2010 U.S. Dist. LEXIS 86289 at *7 (N.D. Ga. Jul. 27, 2010) ("The undersigned's Report and Recommendation serves as notice to Plaintiff that the District Court is contemplating dismissing these Defendants under Rule 4(m)."). Cf. Shrivers v. Int'l Brotherhood of Elec. Workers Local Union 349, 262 F. App'x 121, 125-27 (11th Cir. 2008) (finding that a district court properly notified a plaintiff that it was considering a *sua sponte* grant of summary judgment against plaintiff when a magistrate judge made such a recommendation and plaintiff was given fourteen (14) days to file objections, but failed to do so).

6

two attempts at service of process on a defendant were unsuccessful); Hampton, 2016 WL 845332 at *2, 2016 U.S. Dist. LEXIS 26578 at *6 (warning plaintiff that if attempts by the Marshal to serve defendant proved unsuccessful, the court would dismiss the claims against the defendant).

## III. Conclusion

For the aforementioned reasons, it is **RECOMMENDED** that Plaintiff's claims against Defendant Joshua Day be **DISMISSED without prejudice** for failure to effect timely service.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain

error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **10th** day of **September, 2018.**

                                          **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**